UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ABDUL SHARIFF,                                              :
                                                            :       **MEMORANDUM AND ORDER**
                                    Plaintiff,              :
                                                            :       11-CV-1496 (DLI)(VVP)
             -against-                                      :
                                                            :
KIM'S RAINBOW CLEANERS, INC. and                            :
CHANNEL REALTY OF QUEENS, LLC,                              :
                                                            :
                                    Defendants.             :
------------------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff, Abdul Shariff ("Plaintiff"), brings this action against Defendants Channel Realty of Queens, LLC ("Channel Realty") and Kim's Rainbow Cleaners, Inc. ("Kim's," together with Channel Realty, "Defendants"), seeking injunctive relief and damages pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296, New York City Administrative Code § 8-107, and the Rehabilitation Act of 1973, 29 U.S.C. § 794. (*See* Am. Compl., Doc. Entry No. 12.) Channel Realty leases a property located at 114-11 Beach Channel Drive, Far Rockaway, New York 11693 (the "facility") to Kim's. (*Id.* at ¶ 22.) Plaintiff is paralyzed and uses a wheelchair for mobility. (*Id.* at ¶ 21.) He alleges that he is considered disabled under the ADA. (*Id.* at ¶ 27.) He claims that the facility is not sufficiently accessible and that he has suffered damages as a result of the inaccessibility of the facility.

Channel Realty now moves for dismissal, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction. (*See* Mem. of Law, Doc. Entry No. 26-1.) Plaintiff opposes the motion. (*See* Pl.'s Mem. of Law in Opp'n to Def.'s Motion for Summary J.

1

and in Supp. of Motion for Permanent Injunction ("Pl.'s Opp'n"), Doc. Entry No. 27-7.) For the reasons set forth below, Channel Realty's motion to dismiss is denied.

## BACKGROUND

Plaintiff alleges that he has "attempted to use Defendants' public accommodation however, was unable to enter because of an unlawful architectural barrier." (Am. Compl. ¶ 23.) According to Plaintiff, "[f]eatures of Defendants' public accommodation inaccessible to Plaintiff, and others similarly situated, are including but not limited to: a. Defendants do not provide an accessible route to access defendants' public accommodation. b. Defendants do not provide an accessible entrance." (*Id.* at ¶ 38.) Based on these allegations, Plaintiff asserts that Defendants have violated the ADA, New York State Human Rights Laws, New York State Civil Rights Laws, New York City Administrative Code and the Rehabilitation Act of 1973. Plaintiff seeks money damages as well as injunctive and declaratory relief.

On December 7, 2011, Plaintiff filed the Amended Complaint. On January 26, 2012, Channel Realty filed its Answer to the Amended Complaint. (*See* Answer, Doc. Entry No. 14.) Subsequently, Channel Realty moved to dismiss the Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]

---

[1] The Court notes that since Channel Realty has answered "a 12(b)(1) motion is technically not the correct procedural vehicle for its challenge to the Court's subject matter jurisdiction." *Greystone Bank v. Tavarez*, 2010 WL 3325203, *1 (E.D.N.Y. Aug. 19, 2010). But since Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," the Court construes the motion as one made pursuant to Rule 12(h)(3). "Except for the pre-answer limitation on Rule 12(b)(1) motions the distinction between a Rule 12(b)(1) motion and a Rule 12(h)(3) motion is largely academic, and the same standards are applicable to both types of motions." *Id.* Additionally, while Channel Realty filed a motion to dismiss, Plaintiff responded to the motion, in part, as if it were a motion for summary judgment. (*See, e.g.*, Pl.'s Opp'n at 5.) The Court has not converted this motion to one for summary judgment.

## DISCUSSION

**I.     Legal Standards for Rule 12(b)(1) Motion to Dismiss**

"Under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction." *Sherman-Amin-Braddox:Bey v. McNeil*, 2011 WL 795855, *1 (E.D.N.Y. Feb. 25, 2011) (citing *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004)). The Plaintiff, as the party seeking to invoke this Court's jurisdiction, not the movant, "bears the burden of demonstrating that subject matter jurisdiction is proper based on facts existing at the time the complaint was filed." *Sherman-Amin-Braddox:Bey*, 2011 WL 795885, at *1. "A plaintiff must prove the existence of subject matter jurisdiction by a preponderance of the evidence." *Moser v. Pollin*, 294 F.3d 335, 339 (2d Cir. 2002) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). The Court may consider evidence beyond the pleadings to determine whether the Court lacks subject matter jurisdiction. *Swiatkowski v. Citibank*, 446 Fed. Appx. 360, 361 (2d Cir. 2011); *see also Moser*, 294 F.3d at 339 ("When subject matter jurisdiction is challenged, we are free to consider materials extrinsic to the complaint."); *Amideax Trading Group v. S.W.I.F.T. SCR*, 671 F.3d 140, 145 (2d Cir. 2011) (noting that if the claims in the motion to dismiss are based on a facial attack of the complaint the facts are assumed true but to the extent the motion places jurisdictional facts in dispute "the district court properly consider[s] evidence outside the pleadings").

Dismissal of a case is proper under Rule 12(b)(1) if the court lacks the statutory or constitutional power to adjudicate the matter. *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 474, 490 (E.D.N.Y. 2012). To survive Channel Realty's motion to dismiss, Plaintiff "must allege facts that affirmatively and plausibly suggest that it has standing to sue." *Amideax Trading Group*, 671 F.3d at 145.

3

## II. Legal Standards for Standing

Article III, Section 2 of the United States Constitution limits federal jurisdiction to actual cases and controversies. A plaintiff's standing to sue "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "Courts must assess whether standing exists based on the facts as they existed at the time the lawsuit was filed." *Small v. General Nutrition Co., Inc.*, 388 F. Supp. 2d 83, 86 (E.D.N.Y. 2005) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190-91 (2000)). To show Article III standing, a plaintiff must establish: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 96 (2d Cir. 2009).

An "injury in fact" is a harm that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotation marks and citations omitted). A plaintiff must demonstrate that he or she "sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct and [that] the injury or threat of injury [is] both real and immediate . . . ." *City of Los Angeles v. Lyons*, 491 U.S. 95, 102 (1983) (internal quotation marks and citations omitted). "Courts considering ADA claims have found that plaintiffs who have encountered barriers at public accommodations prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access." *Small*, 388 F. Supp. 2d at 86-87 (collecting cases); *see also Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 173 (S.D.N.Y. 2006) ("[T]he injury in fact that forms the basis for Plaintiff's standing has two parts: (1) the direct injury from personally encountering disability-based discrimination at Defendant's

4

property, and (2) deterrence from using Defendant's property because it is not ADA compliant."). "Intent to return to the place of injury 'some day' is insufficient." *Small*, 388 F. Supp. 2d at 87 (citing *Lujan*, 504 U.S. at 564). "Although, in the context of Title III of the ADA, plaintiffs need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no intention of remedying, they must at least prove actual knowledge of the barriers and show that they would visit the building in the imminent future but for those barriers." *Id*. (internal citations omitted).

"Although no standard has been established for the necessary degree of 'likelihood' that an ADA plaintiff will return, nor a specific number of times per year that plaintiff will visit the facility, nor even how far forward in time should be considered in determining whether the injury might be 'imminent,' . . . courts have considered the following factors to be relevant: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 2008 WL 851918, *8 (S.D.N.Y. Mar. 28, 2008) (internal quotation marks and citations omitted); *see also Camarillo v. Carols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008) (reversing dismissal and explaining that plaintiff had standing to pursue her ADA claim against a restaurant as "(1) she has alleged past injury under the ADA . . . ; (2) it is reasonable to infer from her complaint that this discriminatory treatment will continue; and (3) it is also reasonable to infer, based on the past frequency of her visits and the proximity of defendants' restaurants to her home, that [plaintiff] intends to return to these restaurants in the future").

### III. Standing Analysis

Plaintiff's allegations are sufficient to establish ADA standing based upon a plausible

intention to return to the facility. While, the amended complaint is void of any claims regarding Plaintiff's intent to return to the facility, (*see generally* Am. Compl.), the parties submitted additional documents on this issue of intent to return to the facility. Channel Realty submitted quoted deposition testimony regarding Plaintiff's intent to go into the facility to support its argument that Plaintiff lacks standing, but did not include any arguments regarding any intent to return other than baldly asserting that the Amended Complaint does not sufficiently allege an intent to return.[2] (Mem. of Law at 2, 4.) Channel Realty claims, "plaintiff did not attempt to and had no intention of going in to [sic] the store owned by defendant Channel Realty and occupied by defendant Kims [sic] Rainbow Cleaners." (Mem. of Law at 2.) In response to Channel Realty's assertion of intent, Plaintiff submitted a declaration that states,

> I have frequented the businesses located within Defendant's shopping center on several occasions. I frequently in [sic] this area of town because the train station I use is located on the same block, around the corner from Defendant's shopping center. . . . Defendant provides inaccessible parking spaces, and inaccessible sidewalk abutting its storefront shopping center,  , [sic] and lack of maneuvering clearance and walking surface at each of the retail stores except for the post office. Consequently, I have been deterred from returning to Defendant's shopping center. As soon as the accessibility alterations are made, I intend to return to each public accommodation.

(Decl. of Abdul Shariff ("Shariff Decl.") ¶¶ 4-5, Doc. Entry No. 27-2.)

The Second Circuit in *Harty v. Simon Property Group, L.P.*, 428 Fed. Appx. 69, 71 (2d Cir. 2011), relied, in part, on the plaintiff's affidavit submitted in opposition to the motion to dismiss, which generally averred that he would be traveling through the area, shopping at various shopping centers, and would like to shop at the defendant's mall again. The plaintiff's proffered reason for

---

[2] The Court notes that Defendant did not attach the deposition testimony to the memorandum or file the deposition testimony in any other way in this case.

wanting to shop in that town was his attendance at gun shows in the area, as well as the mall's proximity to his relatives who lived nearby. *Id.* The Second Circuit found this sufficiently supported a plausible inference at the pleading stage that the plaintiff would return to the location. *Id.* at 71-72. The court went on to distinguish its decision in *Freydel v. New York Hospital*, 242 F.3d 365 (2d Cir. 2000), which dismissed the action because the claims were too attenuated and contingent upon potential health care needs and a possible referral. *Id.* at 72. The court emphasized, "[b]y contrast, [the plaintiff] avows a present intention to return to the Nanuet Mall, an act that depends only upon his own volition, and the likelihood of which finds some support in professional and family reasons." *Id.* In this case, Plaintiff has claimed specifically that he would like to go to the facility, if it is accessible. (Shariff Decl. ¶¶ 4-5.) Such assertions, supported by the facility's proximity to his residence and the train station that he uses, support a plausible inference that Plaintiff will likely return to the facility.

## IV. Remaining Assertions Regarding Dismissal of Causes of Action

In addition to Channel Realty's claim regarding the ADA cause of action, Channel Realty also asserts that Plaintiff's claim regarding a violation of the Rehabilitation Act of 1973 should be dismissed because Channel Realty merely rents space to the United States Postal Service. (Mem. of Law at 5-6.) Whether Channel Realty, as a landlord for the United States Postal Service, can be held liable under the Rehabilitation Act of 1973 pursuant to terms contained in a lease, is an issue that goes beyond determining the Plaintiff's standing and instead requires the Court to interpret the Rehabilitation Act of 1973 and make findings based on the statute and the lease. Therefore, as the Court has not converted Channel Realty's motion to a motion for summary judgment, and facts outside of the pleadings are necessary to decide this claim, Channel Realty's motion as to this issue is denied, without prejudice.

Similarly, the Court is not satisfied based on the current record that the Plaintiff's request for injunctive relief has been mooted by Channel Realty's attempts to remedy the facility's accessibility.

Finally, Plaintiff's second, third, and fourth causes of action need not be severed and remanded to the state court at this time, as the Court has denied Channel Realty's motion to dismiss and, therefore, the Court's exercise of its supplemental jurisdiction is still appropriate.

## CONCLUSION

For the reasons set forth above, Defendant Channel Realty's motion to dismiss is denied.

SO ORDERED.

DATED:     Brooklyn, New York
              September 30, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge